**MARC S. KOHNEN**
**The Law Office of Marc S. Kohnen**
**California State Bar No. 255303**
**425 Tenth Avenue**
**San Diego, California 92101**
**Phone (619) 398-2500 | Fax (619) 342-9616**
**Email: Marc@MSKLawyer.com**

**DANTE T. PRIDE**
**The Pride Law Firm**
**California State Bar No. 262362**
**2831 Camino Del Rio S, Ste. 104**
**San Diego, CA 92108**
**Phone (619)516-8166 | Fax (619)785-3414**
**Email:dpride@pridelawfirm.com**

**Attorneys for Defendant:**
**JOSE A. DELEON**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. DELEON,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO, RYAN MALCOLMSON, an individual, KYLE OLSON, an individual, TREVOR PHILIPS, an individual, JESSICAMARIE THRIFT, an individual.<br><br>       Defendants. | CASE NO: '23CV0833 JM    DDL<br><br>COMPLAINT FOR:<br><br>1. VIOLATION OF 42 USC § 1983 (EXCESSIVE FORCE)<br>2. BATTERY BY PEACE OFFICER<br>3. FAILURE TO PROPERLY TRAIN<br>4. VIOLATION OF CALIFORNIA CIVIL CODE §52.1<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>6. NEGLIGENCE<br><br>JURY TRIAL DEMANDED |

# GENERAL ALLEGATIONS

1. Jurisdiction is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §1331 and 28 U.S.C §1343(3) and (4), et. seq.

2. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego, California, within the Southern District.

# PARTIES

3. At all times relevant to this complaint, Plaintiff was an individual residing in San Diego, California.

4. At all times relevant to this complaint, Defendant's Ryan Malcolmson (Malcolmson), Kyle Olson (Olson), Trevor Philips (Philips), and Jessicamarie Thrift (Thrift) were individuals believed to reside in San Diego County, California and were acting under color of law in their positions as Police Officers with the San Diego Police Department.

5. Defendant City of San Diego is a public entity, a city in the State of California.

# FACTS

6. On the night of May 8, 2021, Jose Deleon was standing at a trolley station located on 14th Street between Park Boulevard and Market Street in San Diego, CA.

7. Shortly after midnight, Mr. Deleon noticed police vehicles pulling up near his location and became frightened due to his mental health diagnosis of schizophrenia and immediately began walking toward his home located on 14th Street, a short distance from the incident location.

8. As Mr. Deleon was walking away Defendant's Malcolmson, Olson, Philips, and Thrift shouted for Mr. Deleon to stop. Mr. Deleon, out of fear, continued to walk towards his home.

9. After Mr. Deleon had walked approximately a half block Defendant's Malcolmson, Olson, Philips, and Thrift caught up with Mr. Deleon, forcing him to place his hands on a while as they searched him.

10. When asked by Defendants Malcolmson, Olson, Philips, and Thrift to sit down Mr. Deleon refused and he was thrown to the ground. Defendants Malcolmson, Olson, Philips, and Thrift then used excessive force, tasing Mr. Deleon and striking him

*Jose Deleon v. City of San Diego*
Complaint

several times in the body and face, including at least one punch in the face after Mr. Deleon was already handcuffed on the ground.

11. Mr. Deleon was then transported to the UCSD Hillcrest Emergency Department where he was treated for a head injury and severe facial abrasions. Mr. Deleon was then transported to the San Diego County Central Jail where he was booked in on a violation of felony Penal Code §69 [Obstruct/resist executive officer with minor injury], and a violation of misdemeanor Penal Code §647 [Drunk in public].

12. During Mr. Deleon's short time in custody he was in severe kidney pain as a result of the excessive force used by Defendants Malcolmson, Olson, Philips, and Thrift.

13. Mr. Deleon was released several days after his arrest after the San Diego County District Attorney declined to file a complaint.

14. When Mr. Deleon arrived home he was in severe pain. He then called an ambulance for himself and was transported back to UCSD Medical Center on May 13, 2021, where he was diagnosed with an Acute Kidney Injury, and Acute Diverticulitis due to the blunt force trauma suffered at the hands of Defendants Malcolmson, Olson, Philips, and Thrift. Mr. Deleon was admitted into the hospital while he was treated until May 17, 2021, a period of four (4) days.

15. Mr. Deleon filed a complaint against the Defendants with the San Diego Police Department and after an Internal Affairs investigation it was found that Defendants found that Defendants committed all or part of the alleged misconduct by punching Mr. Deleon in the face after he was already handcuffed, causing injury.

## FIRST CAUSE OF ACTION
(Civil Rights Action [42 U.S.C. § 1983] – Retaliation – Against Defendants Malcolmson, Olson, Philips, and Thrift)

16. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

17. 42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

18. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress.
19. Plaintiff had a firmly established right to be free from excessive force being used against him.
20. On May 8, 2021 Plaintiff posed no threat to Defendants or anyone else when Defendants used excessive force.
21. The use of force in punching and/or kicking Plaintiff in the abdomen so hard that it caused internal trauma and hospitalization was unnecessary and excessive.
22. The use of force by punching Plaintiff in the face after he was handcuffed was unnecessary and excessive.
23. Defendants acted under color of state law in violating Plaintiffs' rights.
24. During the relevant period, defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs, and usages of the State of California and the City of San Diego.
25. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that use of force in these circumstances was illegal under clearly established law.
26. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution which has also legally, proximately, foreseeably and actually caused Plaintiffs to suffer physical injury, emotional distress, pain and suffering, and further damages according to proof at the time of trial.
27. The conduct alleged herein was done indeliberate or reckless disregard of Plaintiff's constitutionally protected rights; justifying the award of exemplary damages against Defendants in an amount according to proof at the time of trial in order to deter the Defendants from engaging in similar conduct and to make an example by way of monetary punishment.
28. Plaintiff is also entitled to attorney fees and costs of suit herein.

**SECOND CAUSE OF ACTION**
(Battery by Peace Officer – Against Defendants Malcolmson, Olson, Philips, and Thrift and the City of San Diego)

29. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.
30. Malcolmson, Olson, Philips, and Thrift intentionally punched and/or kicked Plaintiff in the torso and the face and head.
31. The use of force by Malcolmson, Olson, Philips, and Thrift in punching and/or kicking Plaintiff in the torso and head was unnecessary and excessive.
32. Plaintiff did not consent to any touching by Malcolmson, Olson, Philips, or Thrift.
33. Malcomson's, Olson's, Philips', and Thrift's use of unreasonable force was a substantial factor in causing harm to Plaintiff.
34. The conduct of Defendants Malcolmson, Olson, Philips, and Thrift amount to oppression, fraud or malice and punitive damages should be assessed against said Defendants for the purpose of punishment and for the sake of example.
35. Defendant City of San Diego is vicariously liable under Government Code § 815.2(a) for the acts and omissions of Malcolmson, Olson, Philips, and Thrift during the course and scope of their employment.

**THIRD CAUSE OF ACTION**
(Failure To Properly Train – Against Defendant City of San Diego)

36. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.
37. Malcolmson, Olson, Philips, and Thrift used unnecessary force by punching and/or kicking Plaintiff in the torso and head.
38. Malcolmson, Olson, Philips, and Thrift received inadequate training in the use of force.
39. The training policies of the San Diego Police Department were not adequate to train its officers to handle the usual and recurring situations in which they must deal.
40. Defendant City of San Diego was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

41. The failure of the City of San Diego to provide adequate training caused the deprivation of Plaintiff's rights by Malcolmson, Olson, Philips, and Thrift.
42. The failure of the defendant City of San Diego to provide adequate training is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused Plaintiff's damages.

### FOURTH CAUSE OF ACTION
(Violation of Civil Code § 52.1 - Against Defendants Malcolmson, Olson, Philips, Thrift, and City of San Diego)

43. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.
44. Plaintiff had a firmly established right to be free from excessive force under the Fourth Amendment through the Fourteenth Amendment to the United States Constitution and the equivalent provisions of the California Constitution.
45. The California Legislature has declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation, or coercion.
46. The Defendants interfered with Plaintiff's rights under the Fourth Amendment of the United States Constitution by the use of force and violence as alleged above.
47. This interference with Plaintiff's rights was perpetrated by the Defendants in violation of California Civil Code § 52.1 and their right under the Fourth and Fourteenth Amendments of the United States Constitution and California Constitution to be free from excessive force.
48. Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses, and fear caused by the acts complained of herein according to proof at the time of trial.
49. Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code § 52.1, attorneys' fees and costs of suit incurred herein.
50. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code § 3294 et seq. and punitive damages should be assessed

against each non-public entity defendant for the purpose of punishment and for the sake of example. Defendant City of San Diego is liable for the acts of its officers as they have agreed with and/or ratified the acts.

### FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress - Against Defendants Malcolmson, Olson, Philips, Thrift, and City of San Diego)

51. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

52. By engaging in the acts alleged herein, Malcolmson, Olson, Philips, and Thrift engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

53. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the course of the emotional distress suffered by Plaintiff.

54. The conduct of Defendants Malcolmson, Olson, Philips, and Thrift also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants Malcolmson, Olson, Philips, and Thrift for purpose of punishment and for the sake of example.

55. Defendant City of San Diego is vicariously liable under Government Code § 815.2(a) for the acts and omissions of Malcolmson, Olson, Philips, and Thrift during the course and scope of their employment.

### SIXTH CAUSE OF ACTION
(Negligence – Against All Defendants)

56. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same by reference.

57. Defendants owed a duty of care to members of the public to act reasonably and abide by the law, and had a duty to act reasonably in training its officers, including but not limited to Malcolmson, Olson, Philips and Thrift, to avoid foreseeable injury and damages to members of the public, such as Plaintiff. Further, Malcolmson, Olson, Philips, and Thrift had a duty to act with ordinary care and prudence so as not to cause harm or injury to another.

*Jose Deleon v. City of San Diego*
Complaint

58. Malcolmson, Olson, Philips and Thrift breached this duty by failing to use the ordinary care and skill in the scope of their employment as law enforcement officers when they violently attacked Plaintiff and punched and/or kicked him in the torso and the head.

59. Defendant City of San Diego, through the San Diego Police Department, breached its duty to use reasonable care in the training of its officers, including, but not limited to Malcolmson, Olson, Philips and Thrift.

60. As a direct and proximate cause of Defendants' action, Plaintiff has been damaged in an amount according to proof at trial.

61. Defendant City of San Diego is vicariously liable under Government Code § 815.2(a) for the acts and omissions of Malcolmson, Olson, Philips and Thrift during the course and scope of their employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks for judgment against Defendants as follows:

1. Compensatory general and special damages in an amount according to proof;
2. Punitive and treble damages in an amount according to proof;
3. Awarding reasonable attorney's fees, expenses, and cost of suit;
4. Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to use of force;
5. Granting such other and further relief as the Court deems proper.

Dated: May 5, 2023

The Law Office of Marc S. Kohnen
The Pride Law Firm

<S>Marc S. Kohnen
Attorney for Plaintiff Jose A. Deleon
Email: marc@msklawyer.com