UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. DELEON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>        Defendants. | Case No.: 23cv833-JM-DDL<br><br>**ORDER ON: (1) DEFENDANT CITY OF SAN DIEGO'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. 1927 AND THE COURT'S INHERENT AUTHORITY; AND (2) PLAINTIFF'S EX-PARTE MOTION FOR LEAVE TO DISMISS ENTIRE ACTION UNDER FRCP 41(a)(2)** |

   Presently before the court is Defendant City of San Diego's ("Defendant City") Motion for Sanctions Pursuant to 28 U.S.C. 1927 and the Court's Inherent Authority (Doc. No. 13) and Plaintiff's *Ex-Parte* Motion for Leave to Dismiss Entire Action Under FRCP 41(a)(2) (Doc. No. 14). The motions have been fully briefed and the court finds them suitable for determination on the papers in accordance with Civil Local Rule 7.1(d)(1). For

the reasons set forth below, the court **denies** Defendant City's motion and **grants** Plaintiff's motion.[1]

### I. BACKGROUND

The instant dispute arises from alleged use of force actions taken by law enforcement officers against Plaintiff in San Diego on May 8, 2021.

On May 5, 2023, Plaintiff commenced the instant action against Defendants City of San Diego, Ryan Malcolmson, Kyle Olson, Trevor Philips, and Jessicamarie Thrift, asserting six causes of action primarily under 42 U.S.C. § 1983 and California state law. (Doc. No. 1.) A summons was issued on May 8, 2023 and an amended summons was issued on May 10, 2023. (Doc. Nos. 2, 3.)

On February 12, 2024, the court issued an Order to Show Cause ("OSC") noting that since filing his Complaint, Plaintiff had not filed a proof of service demonstrating Defendants had been timely served or taken any other action to prosecute his case. (Doc. No. 4 at 2.) *Id.* On February 19, 2024, Plaintiff filed a Response to the court's OSC (Doc. No. 5), the OSC was discharged (Doc. No. 6), and Plaintiff timely served Defendants (Doc. No. 7).

On April 7, 2024, Plaintiff filed an Amended Complaint ("FAC"). (Doc. No. 8.) The FAC named Officer Colbert as an additional Defendant.

On April 23, 2024, Defendants filed a Motion to Dismiss. (Doc. No. 11.)

On May 10, 2024, Defendant City filed a Motion for Sanctions Pursuant to 28 U.S.C. 1927 and the Court's Inherent Authority. (Doc. No. 13.) At the request of the court, Plaintiff duly filed his Opposition (Doc. Nos. 19, 21) and Defendant City Replied (Doc. No. 22).

---

[1] In light of the court's disposition on the papers submitted, Defendant City's request for oral argument on its Sanctions Motion and resolution of Defendants pending Motion to Dismiss are **DENIED**.

On May 15, 2024, Plaintiff filed a Motion for Leave to Dismiss Entire Action Under FRCP 41(a)(2). (Doc. No. 14.) Defendants duly filed an Opposition. (Doc. No. 17.)

## II. DISCUSSION

### A. Defendant City's Motion for Sanctions under 28 U.S.C. § 1927 and the Court's Inherent Authority

Defendant City contends that Plaintiff's Attorneys, Mark T. Kohnen, Dante T. Pride, and Zachary Fraire-Avinca, have "overtly engaged in the undesirable conduct Section 1927 was intended to deter." Doc. No. 13-1 at 6.

Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *New Alaska*, 869 F.2d at 1306. Said differently: "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

A court's "inherent powers [to assess sanctions] must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S 32, 44 (1991). This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). A court may assess attorney's fees as a sanction "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the

litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers*, 501 U.S. at 45–46 & n.10). To justify sanctions under a district court's inherent authority, the court must find that a party or lawyer acted in bad faith, or at least engaged in "conduct tantamount to bad faith," which can include "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 993–94.

Defendant City argues that sanctions under § 1927 are appropriate on the grounds that Plaintiff's Attorneys: (1) failed to conduct even a rudimentary pre-filing due diligence investigation before filing the Complaint and FAC; (2) continued to pursue baseless claims; (3) filed several new and time barred causes of action in the FAC; and (4) added a new named Defendant to the FAC while knowing all causes of action related to the conduct of the newly added Defendant were time barred. (*See generally* Doc. No. 13-1 at 9-18.) Plaintiff counters that he and his attorneys acted in good faith to dismiss this case in its entirety, and it is "Defendant [City] and its counsel [who] are creating and exacerbating their own perceived harm by (i) failing to stipulate to dismiss the case, and (ii) continuing to prosecute this [Sanctions] Motion rather than let this case be dismissed." Doc. No. 19 at 2. Plaintiff maintains that § 1927 sanctions are inappropriate because he, and his attorneys, litigated this case in good faith, and any errors or excusable conduct on his side have not amounted to the level of being vexatious nor unreasonable. (*See generally* Doc. No. 19.)

### 1. *Reasonable Investigation*

Defendant City's arguments that Plaintiff's Attorneys failed to conduct a reasonable investigation and was an unwarranted pursuit of claims both rely on the assumptions that Plaintiff's Attorneys were (1) aware of the results of the Internal Affairs Division's ("IAD") investigation of the May 8, 2021 incident and; (2) that they did not review the


publicly available information related to IAD's investigation[2]. Defendant City maintains that if Plaintiff's Attorneys had exercised ordinary diligence by interviewing Plaintiff and/or examining the IAD file they: (1) would not have named three officers, Kyle Olson, Trevor Phillips and Jessica Marie Thrift ("Bystander Officers") in the original complaint that were not part of Plaintiff's arrest or detention much less had any interaction with Plaintiff that resulted in injury to him; and (2) would not have included false allegations regarding the Bystander officers. Additionally, Defendant City contends that Plaintiff's Attorneys should have informed the court that the causes of action against these Bystander Officers should be dismissed, rather than serve them with summons, ten months after acknowledging that there was no factual basis for them to remain in the lawsuit.[3]

The court begins by noting that "§ 1927 cannot be applied to an initial pleading," it applies only to unnecessary filings and tactics once a lawsuit has begun. *See In re Keegan*

---

[2] The court declines Defendant City's request to incorporate by reference San Diego Police Department's ("SDPD") entire investigative case file as if it were part of the complaint itself. (*See* Doc. No. 13-1 at 8-9.) While some contents of the SDPD case file may not be subject to reasonable dispute as public record, a passing reference to the IAD's investigation is not a proper basis for this court to rewrite the pleadings or to have presumptive effect on Plaintiff or this court. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (The "mere mention" or reference to a document is insufficient to allow the Court to rewrite a pleading. …, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint."). Additionally, the single paragraph allegations in both the complaint and FAC can be said to be based on Plaintiff's personal knowledge regarding the internal affairs complaint he filed with the SDPD and the resulting investigation.

[3] Although the declarations on this point are unclear it does not appear Plaintiff's Attorneys explicitly represented to Defendant City that there was no factual basis to retain Bystander Officers in the action ten months before serving them with summons. *See, e.g.*, Doc. No. 21 ¶ 5, Decl. of Dante Pride in Support of Plaintiff's Opposition to Defendant City's Motion for Sanctions.

*Mgmt. Co., Sec. Litig,* 78 F.3d at 435.  Thus, Plaintiff's filing of the initial complaint may not be sanctioned pursuant to § 1927.

Defendant City in part bases its motion upon the court's inherent authority.  Its argument is essentially that Plaintiff's Attorneys did not adequately investigate because, contrary to the conclusion reached by the IAD, they nonetheless have prosecuted claims for excessive force, battery, failure to train, intentional infliction of emotional distress and negligence.  While the IAD investigation may have reached certain conclusions that differ from those alleged by Plaintiff, the IAD results neither limit Plaintiff's claims or allegations nor become relevant for the court's duty to determine whether plausible allegations have been set forth sufficiently to establish cognizable claims.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The IAD Case File simply provides factual evidence that may contradict Plaintiff's assertions, but such questions of fact are for a jury to resolve.  Simply put, an IAD Case File does not foreclose, as a matter of law, Plaintiff's ability to bring allegations against any SDPD Officer he believes was responsible for any harm he suffered based on his recollection of the incident.  Thus, Defendant City's effort to use the IAD Case File both as a shield to (1) to dispute the merits of Plaintiff's case, and as a sword (2) to recover sanctions is unjustified.

Accordingly, the court finds that Plaintiff's Attorneys had sufficient grounds to continue litigating this case notwithstanding the existence of the IAD Case File.  Sanctions are not warranted on these grounds.

As to effecting service of process on the Bystander Officers, this court extended the time for Plaintiff to serve Defendants, including the Bystander Officers, and directed Plaintiff to file proofs of service for all Defendants in accordance with Federal Rule of

Civil Procedure 4(l), *see* Doc. No. 6 at 5.[4]  This court declines to award sanctions against a party for adhering to its order.

### 2. Baseless Claims

Defendant City's arguments regarding Plaintiff's Attorneys' unwarranted pursuit of four state law claims relies on the assumption that Plaintiff has failed to comply with the claims-presentment requirements of the Government Tort Claims Act.[5]

The California Government Tort Claims Act, section 810 *et seq.*, sets forth the procedure a litigant must follow when seeking money or damages from a public entity in California.  It requires a written claim must first be filed with, and subsequently acted upon, by the public entity before a suit may be initiated.  *See* CAL. GOV'T. CODE § 945.4.  A failure on the part of the litigant to comport with the Act's requirements "bars the plaintiff from bringing suit against that entity." *State of Cal. v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1240–44 (2004); *Hacienda La Puente Unified Sch. Dist. v. Honig*, 976 F.2d 487, 494 (9th Cir. 1992) ("[c]ompliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action.")  The bar applies "even when the state-law claims are brought alongside federal claims in federal court." *Mergen v. City of L.A.*, No. 2:112-cv-00311-SVW-SHx, 2012 WL 12882418, at *2 (C.D. Cal. Aug. 30, 2012) (citation omitted).  To ensure compliance with the Act in federal court, a litigant bringing such claims must allege facts that either demonstrate or excuse compliance with the California Government Tort Claims Act.  A failure to do so will subject the state law claims to dismissal.  *See*

---

[4] Shortly thereafter, Plaintiff filed the FAC, which removed the Bystander Officers as named Defendants.

[5] The court denies Defendant City's request to take judicial notice of the cases previously filed in this district by Dante Pride and Avina-Fraire where compliance with the California Tort Claims Act has been alleged because these cases have no bearing the court's resolution of the request for sanctions.

*Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995); *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Here, the FAC is silent as to whether Plaintiff submitted the tort claims to Defendant City or that any of the prerequisites of maintaining a suit against a public entity in California have been met. Defendant City has submitted a declaration from attorney Blair B. McGregor attesting that in a June 8, 2023 meeting, Plaintiff's Attorneys were informed of the need to file a claim, and that the "claim needed to be filed within 6 months of the date of the incident, or within a year if leave to file a late claim was granted, but that no claim was filed, and it was over two years since the subject incident at the time of this meeting." Doc. No. 13-2 at ¶ 7. Assuming Defense Counsel is correct, and Defendant City has not received a request from Plaintiff to file a late claim, it cannot have denied Plaintiff's request for relief from the Act's requirements. Therefore, although Plaintiff has not demonstrated compliance with the California Tort Claims Act requirements, at this juncture the court cannot conclude that Plaintiff has been denied excusal from the Act's requirements.

Again, to the extent it relates to the original complaint, Defendant City's § 1927 argument is misplaced as § 1927 sanctions do not apply to this filing. *See In re Keegan Mgmt Co., Sec. Litig,* 78 F.3d at 435. As to whether Plaintiff's Attorneys' behavior is sanctionable under the court's inherent authority, the court declines to attach an improper motive to the inclusion of these claims in the original complaint as it cannot profess to know the factors underlying Plaintiff's Attorneys' decisions regarding litigating this case. Attorneys' proffered explanation that these claims were erroneously included in the original complaint is not an unreasonable one and nothing on the record before the court has persuaded it that this was done in bad faith, a conclusion buttressed by Plaintiff's decision not to pursue these claims in the FAC. Sanctions are not warranted on these grounds.

///

///

### 3. Addition of Named Defendant and Pursuit of New Claims

Defendant City argues that the statute of limitations on Plaintiff's §1983 claim expired on May 8, 2023, and any cause of action against any individual not named in Plaintiff's Complaint are, therefore, time barred. (Doc. No. 13-1 at 14-15.) It maintains that Officer Colbert was neither named nor mentioned in the original complaint and has not met the requirements to be added under California's Doe defendant rule[6]. These arguments overlook the fact that the FAC was filed on April 7, 2024, within 21 days of serving the complaint, as permitted by Federal Rule of Civil Procedure 15(a)(1).

Federal Rule of Civil Procedure 15(a) provides: "[a] party may amend its pleading once as a matter of course within" twenty-one days of (1) serving the pleading or (2) being served with a responsive pleading or motion brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure." Fed. R. Civ. P. 15(a)(1). As long as no responsive pleading has been filed, this right to amend is generally absolute. *See James V. Hurson Assocs., Inc., v. Glickman,* 229 F.3d 277, 282 (D.C. Cir. 2000) ("The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading.").

Here, Defendant City fails to address Federal Rule of Civil Procedure 15(a)'s amendment once as a matter of right language or explain to the court why this absolute

---

[6] Under California law, "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, ... and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly." CAL. CIV. PROC. CODE § 474. California also requires that "[t]he summons and complaint ... be served upon a defendant within three years after the action is commenced [i.e., a complaint is filed] against the defendant." *Id.* § 583.210. Thus, "[w]hen a defendant is brought in by amendment substituting his name for a Doe defendant, he 'is considered a party to the action from its commencement for purposes of the statute of limitations.'" *Lindley v. Gen. Elec. Co.,* 780 F.2d 797, 799 (9th Cir. 1986) (quoting *Barrows v. Am. Motors Corp.,* 144 Cal. App. 3d 1, 7, 192 Cal. Rptr. 380 (1983)).

right is not applicable in the current circumstances, preferring to argue the futility of making any amendment. Per this court's order, Plaintiff effectuated service on all Defendants on March 18, 2024, and filed the FAC on April 7, 2024, adding Defendant Officer Colbert. *Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (citing *inter alia*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (parties have twenty-one days 'to amend as of right'")). In other words, Plaintiff properly availed himself of the amendment as a matter of course entitlement by filing the FAC within 21 days of effectuating service. The court finds nothing facially nefarious in this. While the appropriateness of adding Officer Colbert can certainly be challenged and nonadherence to statutes of limitations could provide viable affirmative defenses that Defendant City may wish to utilize in a dispositive motion[7], bad faith on the part of Plaintiff or his attorneys is not apparent on this record, nor does Plaintiff's amendment itself pose undue prejudice to Defendant City. Sanctions are not warranted on these grounds.

///

///

---

[7] When an amended complaint relates back, the party avoids the preclusive effect of a statute of limitations defense that would otherwise bar the parties or claims added in the amended complaint. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). For statute of limitations purposes, "[a]n amendment to a pleading relates back to the date of the original pleading when" either (1) "the law that provides the applicable statute of limitations allows relation back," (2) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out ... in the original pleading," or (3) "the amendment changes the party or the naming of the party against whom a claim is asserted," provided that (a) such an amendment relates to the same events set out in the original pleading and (b) the party being brought in by the amendment receives notice of the lawsuit within ninety days of the complaint being filed. Fed. R. Civ. P. 15(c)(1). The notice requirement is satisfied if the party brought in by amendment: (1) received enough notice of the suit that it would not be prejudiced in defending on the merits; and (2) knew or should have known that the suit would have been brought against it but for a mistake in identifying the proper party. *Krupski*, 560 U.S. at 547-48.

### 4. Conclusion

The docket in this case clearly reflects the difficulties and tension between the attorneys, revealed by the Parties' seeming inability to work cooperatively in bringing this case to resolution and without the motions before the court. Accordingly, Defendant City's Motion for Sanctions under 28 U.S.C. § 1927 and the Court's Inherent Authority is **DENIED**.

### B. Plaintiff's *Ex-Parte* Motion for Dismissal under Federal Rule of Civil Procedure 41(a)(2)

Plaintiff requests that the court dismiss this entire action without prejudice, (*see generally* Doc. No. 14) whereas Defendants ask the court to deny Plaintiff's *Ex-Parte* Motion in its entirety and hold a hearing on Defendants' Motion to Dismiss and Motion for Sanctions (*see generally* Doc. No. 17).

Federal Rule of Civil Procedure 41(a)(2) provides that if defendants have filed an answer and do not stipulate to the dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph ... is without prejudice." *Id.*

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996) (citation omitted). Under Rule 41(a)(2), the court must make three separate determinations: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)).

Although Rule 42(a)(2) states that a silent order is without prejudice, "[t]hat broad grant of discretion [in Rule 41(a)(2)] does not contain a preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

### 1. *Whether To Allow Dismissal*

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (internal quotation marks omitted); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal.").

"[U]ncertainty because a dispute remains unresolved or because the threat of future litigation ... causes uncertainty does not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (internal quotation marks omitted); *Westlands*, 100 F.3d at 97 ("[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice."). "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). Nor does "[t]he mere fact that defendants have incurred expense during the pendency of [a] litigation amount to legal prejudice sufficient to render a Rule 41(a)(2) motion improper." *Self v. Equinox Holdings, Inc.*, No. CV 14-4241 MMM (AJWx), 2015 WL 13298146, at *11 (C.D. Cal. Jan. 5, 2015).

Here, Defendants dispute dismissal arguing that Plaintiff's motion does not meet the legal or factual requirements for an *ex-parte* petition and that it was filed in an effort to avoid this court's consideration of Defendants' Motion for Sanctions and Motion to Dismiss. (Doc. No. 17 at 3.) Defendants' Motion focuses on the procedural errors Plaintiff's Attorneys purportedly made in filing the motion *ex-parte* labeling it a "further example of the meritless, misleading, and bad faith arguments Plaintiff's Counsels have consistently made to the Defendants and, more recently, to this Court." But any of the

purported procedural errors have been mitigated by the court giving Defendants an opportunity to respond and the court's consideration of the merits of each party's position regarding Plaintiff's dismissal request.

Ultimately, Defendants have not sufficiently demonstrated that dismissal of this action will result in legal prejudice. Defendants' pending motion to dismiss the FAC does not change this calculus. *See, e.g.*, *In re Morning Song Bird Food Litig.*, No. 12cv1592 JAH (RBB), 2015 WL 12791403, at *4 (S.D. Cal. Nov. 19, 2015) (finding pending summary judgment motion did not support legal prejudice); *U.S. v. Gilead Sci., Inc.*, No. 11-cv-941-EMC, 2020 WL 1915032, at *2 (N.D. Cal. Apr. 20, 2020) (finding pending motion to dismiss did not constitute legal prejudice); *see also Gunderson v. Alaska Airlines, Inc.*, No. C06-1340MJP, 2007 WL 4246176, at *3 (W.D. Wash. Nov. 29, 2007) (opining that finding legal prejudice arising from the termination of a pending motion would improperly presume a favorable outcome). Similarly, Defendants' pending sanctions motion and related arguments are far too speculative to amount to legal prejudice.

Accordingly, the court **GRANTS** Plaintiff's request for dismissal.

### 2. Whether the Dismissal Should be With or Without Prejudice

Plaintiff seeks a dismissal without prejudice while Defendants seek denial of the motion in its entirety. (Doc. No. 14; Doc. No. 17.)

Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette*, 828 F. Supp. at 1443. Factors that may be considered in determining whether a dismissal should be with or without prejudice include: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* at 1443-44 (internal quotation marks omitted).

Here, since Defendants have only recently been served, the case is still in its initial stages and Defendants have not exerted extensive efforts or expenses in defending the case. Indeed, Defendants have made no effort to educate this court as to the amount it has

expended in defending this case and have failed to offer any attestation or supporting documentation reflecting the amount of attorney's fees incurred in defending this action. Plaintiff provides an explanation for his request for dismissal explaining he "will suffer extreme prejudice in having to oppose defense motions that involve a pleading to which Plaintiff has expressly agreed to withdraw/dismiss prior to the filing of any such motions by Defendants," and he is seeking to avoid "being forced to litigate a case he seeks to dismiss." (Doc. No. 14 at 4-6.) Plaintiff has, however, been less than diligent in prosecuting the action, requiring prompting from the court to properly serve Defendants with copies of the original complaint. Yet no factors demonstrate how Defendants have been prejudiced or would be prejudiced if Plaintiff were to refile his action and the court does not find Defendants' pending motions argument supportive of dismissal with prejudice. *See Plastronics Socket Partners Ltd. v. HighRel Inc.*, No. CV-18-03201-PHX-SMB, 2020 WL 377130, at *4 (D. Ariz. Jan. 23, 2020) ("The Court finds dismissal *without* prejudice more appropriate," *inter alia*, because 'theory that Plaintiffs only filed this Motion to avoid a near certain adverse ruling' is entirely speculative, especially when the Court has not yet adjudicated whether the SAC states a claim.").

Accordingly, the court dismisses the FAC without prejudice.

### 3. Whether Conditions Should be Imposed

Neither party has addressed this factor.

"Although costs and attorney['s] fees are often imposed upon a plaintiff who is granted a voluntary dismissal under [Rule 41(a)(2)]," the Ninth Circuit has held that ordering payment of costs and attorney's fees is not a prerequisite to granting voluntary dismissal without prejudice under this provision. *Stevedoring Servs. of Am.,* 889 F.2d at 921. Defendants do not request the imposition of any conditions of dismissal, the court will not impose any. *See Isgar v. City of Bakersfield*, No. 1:18-cv-0433 JLT, 2020 WL 3256849, at *4 n.3 (E.D. Cal. June 16, 2020) (dismissing action without prejudice and noting that "though the Court would have considered the dismissal upon conditions ..., the defense did not request any conditions.").

Under Rule 41(d), "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). Rule 41(d)'s purpose is to deter vexatious litigation and forum shopping as well as to compensate the defendant for the unnecessary expense of defending against the plaintiff's litigation. *Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*, No. 07–00007DAE–KSC, 2007 WL 2320672, at *2 (D. Haw. Aug. 10, 2007).

Accordingly, the court reminds Plaintiff that if he chooses to withdraw his dismissal and bring another action in this court based on the events of this case, the court has the authority to order Plaintiff to pay all or part of the costs of this action. *See* Fed. R. Civ. P. 42(d)(1).

### III. CONCLUSION

Based upon the foregoing, the court **ORDERS**:

1. Defendant City's Motion for Sanctions Pursuant to 28 U.S.C. 1927 and the Court's Inherent Authority is **DENIED** (Doc. No. 13);

2. Plaintiff's *Ex-Parte* Motion to Dismiss the Action Pursuant to Rule 41(a)(2) is **GRANTED** (Doc. No. 14);

3. In light of Plaintiff's voluntary dismissal, the pending Motion to Dismiss for Failure to State a Claim (Doc. No. 11) is **DENIED WITHOUT PREJUDICE** and as **MOOT**; and

4. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: August 12, 2024

_____
Hon. Jeffrey T. Miller
United States District Judge